**Affirm; Opinion Filed November 12, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01497-CR

**THOMAS PETER HIGGINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-84142-2017**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

Appellant Thomas Peter Higgins was charged with ten counts of possession of child pornography. Appellant signed a judicial confession and pled guilty before the trial court without an agreement on punishment. At the conclusion of the trial on punishment, the trial court found him guilty on counts one through five, and sentenced him to five years' confinement in the Texas Department of Criminal Justice, Institutional Division. On counts six through ten, the court deferred adjudication and placed him on ten years' community supervision. In one issue on appeal, appellant asserts that the trial court's consideration of certain evidence violated his constitutional and statutory rights to a fair trial. We affirm.

A person commits possession of child pornography if he knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct and he knows that the material

depicts the child in this manner. TEX. PENAL CODE § 43.26(a); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Possession of child pornography is a third-degree felony. TEX. PENAL CODE § 43.26(d). Appellant does not challenge the guilt–innocence portion of his trial. Indeed, he pled guilty to ten counts of possession of child pornography. His challenge is limited to the sentencing portion of his trial. Appellant complains that his constitutional and statutory rights to a fair sentencing trial were violated, and he asks that we reverse his sentence and remand this case to the trial court for a new punishment hearing.

Appellant argues that the trial court abused its discretion and violated his constitutional and statutory rights to a fair trial by considering evidence that was not presented at trial. He claims that evidence of child pornography file sharing was not presented at trial and therefore, should not have been considered by the trial judge. Every person accused of a crime is entitled to a fair trial. *Hajjar v. State*, 176 S.W.3d 554, 565 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). However, in this case, appellant faces three obstacles to the success of his argument. First, he failed to raise his fair trial issue to the trial court, and therefore, it is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *see also Hajjar*, 176 S.W.3d at 566. Second, evidence that appellant was engaged in child pornography file sharing *was* presented at trial. However, because appellant failed to object to the admissibility of State's Exhibit 3 during trial, he failed to preserve his objection to such evidence. *See* TEX. R. APP. P. 33.1(a). Third, appellant failed to adequately brief his stated issue. *See* TEX. R. APP. P. 38.1(i). Appellant was charged and convicted of possession of child pornography, TEX. PENAL CODE § 43.26(a), a third-degree felony, *id*. at (d), and was assessed punishment in accordance with the statutory sentencing range for a third-degree felony, TEX. PENAL CODE § 12.34. He was not charged with promoting, or possessing with intent to promote, child pornography, a second-degree felony. TEX. PENAL CODE § 43.26 (e), (g). Child pornography file sharing is not an element of the offense of possession of child pornography. *See id*. § 43.26(a).

Appellant's brief presents no argument to show why or how his issue on appeal has any relevance to his punishment for possession of child pornography.

At trial, the State offered State's Exhibit 3, a portion of the offense report describing the investigation and facts of the case, and State's Exhibit 4, a DVD containing the child pornography for which appellant was indicted. Defense counsel did not object to the admissibility of either exhibit, and the trial court admitted the exhibits into evidence. Thus, the contents of the offense report were properly before the trial court and available for its consideration for any purpose.

In State's Exhibit 3, Plano Police Department Detective Jeff Rich described a joint, multi-jurisdictional investigation, Operation Medusa, that was implemented to combat child pornography on the internet. Using peer-to-peer software, Detective Jeff Rich discovered a computer on a file-sharing network that was participating in the sharing of child pornography.[1] He identified the IP address of the sharing computer, reviewed the files that were being made available by that IP address, and determined that the files were child pornography. He then made a direct connection to the computer at the identified IP address and downloaded videos that the computer made available. After reviewing the downloaded files and confirming that the files contained child pornography, officers obtained subscriber information for the identified IP address—appellant's name and address. The officers obtained a search warrant for appellant's residence and computer. During the search, appellant was asked how he stored the pornography he liked. According to the offense report, he told Detective Tony Godwin that "he used the default folder structure for eMule and would move them from a shared folder quickly after downloading to folders he created." In summary, the offense report showed that appellant acquired much of his collection of pornography through peer-to-peer file-sharing software, that the pornography on his own computer was

---

[1] *See Wenger v. State*, 292 S.W.3d 191, 198 (Tex. App.—Fort Worth 2009, no pet.) ("Several courts have held that making child pornography available for others to access and download through peer-to-peer file-sharing software qualifies as 'distribution' or 'delivery' to others.") (internal citations omitted).

available to others to download through peer-to-peer file-sharing software, and that appellant was well aware of this fact. We therefore conclude that the record contained evidence that at least some of appellant's child pornography files were shared.

Defense witness, F. Liles Arnold, M.S., a licensed professional counselor, testified regarding his evaluation of appellant. Defendant's Exhibit 1, a report authored by Arnold, was admitted into evidence without objection. In his report, Arnold noted that when he spoke to appellant about the police report, appellant admitted that for the most part, the police report was accurate. Arnold also noted that one discrepancy between appellant's account of his behavior and the police report is that appellant claims he never distributed child pornography to anyone.

During closing argument, defense counsel argued that appellant's collection of child pornography was a "deep, dark secret that he had kept hidden." The trial court interjected as follows:

> COURT: He didn't. He shared it with other people. Maybe he kept it hidden from the people in his household, but he freely shared it with others.
>
> MR. KNAPP: Your Honor, if I may interject, which may be a little bit off the record, I don't - - I believe this system he is a part of, it is automatic sharing. This isn't anything that - -
>
> COURT: I have read the offense report.
>
> MR. KNAPP: Yes sir. It is not - - it is not a thing where he is going in and broadcasting it. He - - as the Court is aware, we got an investigator because he wanted to know how did this get broadcast. Well, it is because it is the system. It is not a conscious decision on his part.
>
> COURT: Well, you know when you get on the system that they shared all of their files together.

Appellant complains that the trial judge's comment, "Well, you know when you get on the system that they shared all of their files together," clearly shows that the court was considering evidence not supported by the record. We disagree. The offense report clearly described the manner in which Detective Rich discovered appellant's computer on a file-sharing network that was

participating in the sharing of child pornography.  Furthermore, in response to the trial judge's comment, defense counsel responded "I believe this system he is a part of, it is automatic sharing."

As the fact finder, the trial court was the exclusive judge of the witnesses' credibility and weight to be given to their testimony.  *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  Thus the court could consider State's Exhibit 3 (the offense report) and conflicting statements in Defendant's Exhibit 1 (Arnold's report), and judge the weight and credibility of the evidence.  It was free to accept or reject any or all of the evidence presented by either side.  *See Krause v. State*, 243 S.W.3d 95, 110 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

To the extent that any of appellant's arguments were preserved for our review, we conclude the trial court did not abuse its discretion by considering evidence that was properly admitted, without objection, at trial.  We affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

181497f.u05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THOMAS PETER HIGGINS, Appellant

No. 05-18-01497-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-84142-2017.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 12th day of November, 2019.